# UNITED STATES DISTRICT COURT

for the
### Western District of Kentucky
### Louisville Division

| | |
|---|---|
| Jonathan Werner, Alicia Bowens, )<br>Julia Pearl, *and* Jimmy Wheeler )<br>     *Plaintiffs* )<br> )<br>v. )<br> )<br>Portfolio Recovery Associates, LLC )<br>     *Defendant* )<br>Serve: )<br>     Corporation Service Company )<br>     2711 Centerville Road, Suite 400 )<br>     Wilmington, DE 19808 )<br>     ) | Case No.  3-15-cv-847-DJH |

## CLASS ACTION COMPLAINT

### INTRODUCTION

1.      This is an action by Plaintiffs Jonathan Werner, Alicia Bowens, Julia Pearl, and Jimmy Wheeler (collectively, "the Plaintiffs"), who are consumers seeking declaratory relief, actual damages and statutory damages for themselves individually and on behalf of all similarly-situated Kentucky citizens against Defendant Portfolio Recovery Associates, LLC ("PRA"). Plaintiffs and the proposed class seek damages against Defendant for its violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.,* which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

2.      PRA filed lawsuits in the Jefferson District Court of Jefferson County, Kentucky (the "State Court Lawsuits") against each of the Plaintiffs in an attempt to collect a consumer debt. In the State Court Lawsuits Midland claimed as due and owing court costs which were not due and owing from Plaintiffs and to which it was not legally entitled, thereby attempting to collect an amount not legally owed. This improper demand for court costs not due and owing in

the State Court Lawsuits by PRA violates the FDCPA.

3.        Plaintiffs seek actual and statutory damages pursuant to the FDCPA and declaratory relief declaring the conduct of Defendant illegal pursuant to state and/or federal law on behalf of themselves individually and on behalf of a proposed class of all similarly-situated Kentucky citizens against Defendant.

## JURISDICTION

4.        This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 2201, and the FDCPA, 15 U.S.C. §1692k(d).

## PARTIES

5.        Plaintiff Jonathan Werner ("Werner") is a natural person who resides in Jefferson County, Kentucky and a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

6.        Plaintiff Alicia Bowens ("Bowens") is a natural person who resides in Jefferson County, Kentucky and a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

7.        Plaintiff Julia Pearl ("Pearl") is a natural person who resides in Jefferson County, Kentucky and a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

8.        Plaintiff Jimmy Wheeler ("Wheeler") is a natural person who resides in Jefferson County, Kentucky and a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

9.        Defendant Portfolio Recovery Associates, LLC ("PRA") is a Delaware limited liability company which has registered with the Kentucky Secretary of State and is engaged in

Kentucky in the business of purchasing and collecting consumer credit debt, including consumer credit debt of Kentucky citizens. PRA's principal place of business is located at 120 Corporate Boulevard, Norfolk, VA 23502.

10.     PRA is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

11.     On August 6, 2015, PRA filed a complaint against Plaintiff Jonathan Werner in the Jefferson District Court of Jefferson County, Kentucky as case number 15-C-007844 in an attempt to collect an alleged debt (the "Werner Complaint").

12.     On December 9, 2014, PRA filed a complaint against Plaintiff Alicia Bowens in the Jefferson District Court of Jefferson County, Kentucky as case number 14-C-013777 in an attempt to collect an alleged debt (the "Bowens Complaint").

13.     On August 6, 2015, PRA filed a complaint against Plaintiff Julia Pearl in the Jefferson District Court of Jefferson County, Kentucky as case number 15-C-007853 in an attempt to collect an alleged debt (the "Pearl Complaint").

14.     On December 17, 2014, PRA filed a complaint against Plaintiff Jimmy Wheeler in the Fayette District Court of Fayette County, Kentucky as case number 14-C-09493 in an attempt to collect an alleged debt (the "Wheeler Complaint").

15.     The Werner Complaint, Bowens Complaint, the Pearl Complaint, and the Wheeler Complaint are referred to collectively herein as the "State Court Complaints," and copies of the State Court Complaints are attached hereto as "Exhibit 1."

16.     Each of the alleged debts which Midland is seeking to collect from Plaintiffs in the State Court Complaints were used to purchase goods and services and for personal, family or

household purposes, making each said debt a "debt" within the meaning of the FDCPA. 15 U.S.C. § 1692a(5).

17.     Paragraph 3 of the Werner Complaint affirmatively alleges that Werner "owes Plaintiff [PRA] $1,804.93 *plus court costs*" (emphasis added).

18.     Paragraph 3 of the Bowens Complaint affirmatively alleges that Bowens "owes Plaintiff [PRA] $1,804.93 *plus court costs*" (emphasis added).

19.     Paragraph 3 of the Pearl Complaint affirmatively alleges that Pearl "owes Plaintiff [PRA] $536.51 *plus court costs*" (emphasis added).

20.     Paragraph 3 of the Wheeler Complaint affirmatively alleges that Wheeler "owes Plaintiff [PRA] $1,520.78 *plus court costs*" (emphasis added).

21.     Under Kentucky law, a party is not entitled to demand as due and owing court costs or costs incurred until it is awarded by judgment of the trial court. KRS 453.040(1)(a); Ky. R. Civ. P. 54.04(1).

22.     Defendant PRA filed and served the State Court Lawsuits demanding as due and owing, court costs, even though it had not been awarded court costs by judgment of the trial.

23.     As of the date of the filing of this Complaint, Defendant PRA has still not been awarded its court costs by an order of the trial court in any of the State Court Lawsuits.

24.     PRA has collected court costs from one or more of Plaintiffs herein.

25.     Upon information and belief, PRA has collected, or attempted to collect, court costs from numerous other Kentucky consumers which, at the time demand for payment was made, were not awarded to PRA by a judgment or order of a court and which, therefore, were not due and owing to PRA from the consumer.

## CLASS ALLEGATIONS

26.     Plaintiffs Jonathan Werner, Alicia Bowens, Julia Pearl, and Jimmy Wheeler (collectively, "the Plaintiffs") bring this action individually and as a class action on behalf of a proposed class of persons in the Commonwealth of Kentucky similarly situated.

27.     These persons that comprise the proposed class (the "Class") are:

**Class:** All Kentucky consumers against whom Defendant Portfolio Recovery Associates ("PRA") as an assignee of the consumer's debt, or PRA's respective agents, employees, or representatives, within one year of the date of filing of this complaint, demanded as due and owing court costs by a communication to such persons or acted to collect or attempted to collect court costs from such persons allegedly related to a consumer debt in any manner, including by filing of a lawsuit in any District or Circuit Court of the Commonwealth of Kentucky, where no court costs had yet been awarded to PRA by judgment or order of court.

28.     The Plaintiffs seek the maximum statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2), on their own behalf individually and on behalf of the proposed class members for violation of the FDCPA by PRA.

29.     This action also seeks declaratory judgment relief declaring that PRA's practice of claiming owed and collecting or attempting to collect by its communications or actions to the Plaintiffs and/or members of the proposed Class court costs relating to their consumer debts without a court judgment awarding such costs as set out *supra* violated the FDCPA.

30.     The proposed Class as set out *supra* and so represented by Plaintiffs Jonathan Werner, Alicia Bowens, Julia Pearl, and Jimmy Wheeler in this action, and of which each Plaintiff is a member, consists of those persons defined above and are so numerous that joinder of individual members is impracticable.

31.     Plaintiffs' claims are typical of the claims of the proposed Class as set out *supra*.

32.     There are common questions of law and fact for the proposed Class in this action that relate to and affect the rights of each member of the proposed Class, and the relief sought is common to the entirety of the Class. In particular, all members of the proposed Class have the same issue of law in common: whether PRA extra-judicially accrued, claimed owed, collected and/or attempted to collect court costs to which it was not entitled under Kentucky law, and which had not been awarded by a judgment or order of a court.

33.     There is no known conflict between Plaintiffs and any other members of the proposed Class with respect to this action, or with respect to the claims for relief herein set forth.

34.     Plaintiffs are the representative parties for the proposed Class and are able to, and will, fairly and adequately protect the interest of the proposed class members.

35.     Plaintiffs' attorneys are experienced and capable in the field of consumer rights, including FDCPA violations.

36.     Plaintiffs' attorneys have successfully represented other claimants in similar litigation.

37.     The action is properly maintained as a class action in that the prosecution of separate actions by individual class members of the proposed Class creates a risk of individual adjudications that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication, or would substantially impair or impede their ability to protect their interest.

38.     This action is properly maintained as a class action because the prosecution of separate actions by individual members of the proposed Class would create risk of varying individual adjudications, which would establish incompatible standards of conduct for

Defendants.

39.    This action is properly maintained as a class action inasmuch as the questions of law and fact common to the proposed class members predominate over any questions affecting only individual members; a class action is superior to other methods available for the efficient adjudication of the controversy; the relief sought by all members of the proposed Class will be effective and appropriate for each proposed class in its entirety; and all members of the proposed Class have a right to damages or other relief that may be readily computed in each case or otherwise readily determined.

40.    The identity of each individual member of the proposed Class can be ascertained from the books and records maintained by Defendant.

41.    Because many of the persons who comprise the proposed Class in this case may not be aware of their rights, or may not be in a financial position to readily assert their rights, and because relegation of their claims to individual actions would result in an unreasonable multiplicity of suits and a corresponding burden on this and other courts, a class action is far superior to all other methods for a fair and efficient adjudication of this controversy.

## CLAIMS FOR RELIEF

### Violations of the Fair Debt Collection Practices Act

42.    The above-described actions by Portfolio Recovery Associates, LLC ("PRA") constitute violations of the Fair Debt Collection Practices Act which violations of the FDCPA include, but are not limited to, the following:

> PRA violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692f and/or one or more subsections of each statute by extra-judicially accruing, claiming owed, and collecting or attempting to collect court costs from Plaintiffs Jonathan Werner, Alicia Bowens, Julia Pearl, and

Jimmy Wheeler and from members of the proposed Class for which no judgment had been obtained and was not owed at the time the demand for such court costs was made.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs Jonathan Werner, Alicia Bowens, Julia Pearl, and Jimmy Wheeler (collectively, "the Plaintiffs") jointly request the Court grant relief to Plaintiffs individually and to the members of the proposed Class as follows:

a.      An injunction against Portfolio Recovery Associates ("PRA")'s practice of extra-judicially accruing, claiming owed, and collecting or attempting to collect court costs from Kentucky consumers which have not been awarded by judgment or order of a court violates the FDCPA;

b.      Award the maximum statutory damages to Plaintiffs and to the members of the proposed class members provided under 15 U.S.C. §1692k;

c.      Award Plaintiffs and the members of the proposed Class their attorney's fees, litigation expenses and costs;

d.      Award Plaintiffs and members of the proposed Class their actual damages equivalent to any costs paid to PRA;

e.      A trial by jury; and

f.      Such other relief as may be just and proper.

Respectfully submitted,

/s/ James McKenzie
**James McKenzie**
*James R. McKenzie Attorney, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel:    (502) 371-2179
Fax:    (502) 257-7309
jmckenzie@jmckenzielaw.com